### CLARK, et ux v. J.C.M., Inc., et al.
No. 70-C-1697.
Circuit Court, Fifteenth Judicial Circuit, Civil Appeal.
October 14, 1970.

Robert D. Banzuly, Lake Park, for appellants.

Lloyd Herold, North Palm Beach, for appellees.

JAMES R. KNOTT, Circuit Judge.

This is an appeal from the small claims-magistrates court in and for Palm Beach County.

On January 31, 1967, plaintiffs (appellees here) purchased a home in Palm Beach Gardens from defendants under a contract containing the following clause —

"Make airconditioning and reverse cycle system operative and guarantee for six (6) months from the date of closing."

Upon defendants' failure to make the airconditioning and reverse cycle system operative, plaintiffs proceeded to make the same operative at a cost of $982.29, in the course of which they substituted electrical equipment for gas. After hearing the evidence, the trial court entered final judgment in that amount, with interest and costs. This appeal followed.

Defendants (appellants here) complain that the judgment of the trial court gave plaintiffs a betterment or benefit not contemplated by the parties' contract, in allowing plaintiffs the cost of replacing "the guaranteed system with a system of a different kind and greater life expectancy . . . thereby putting the plaintiffs in a substantially better position than for what they had bargained."

The record shows that there was ample evidence to sustain the judgment of the trial court, and fails to disclose error. It should be observed that among other reasons for affirming the judgment, if the principle on which appellants depend is accepted as correct, the trial court could not have applied the principle because the record does not furnish any evidentiary basis for computing the amount of the alleged betterment; defendants failed to submit testimony on the point.

Upon consideration, it is ordered and adjudged that the final judgment is affirmed.